**BURGESS et al. v. QUAKER OIL & GAS CO. et al.**

No. 13575—Opinion Filed March 27, 1923.

(Syllabus.)

**Indians — Descent of Creek Allotment — "Creek Citizen."**

Where a duly enrolled Creek citizen died intestate March 2, 1902, leaving a granddaughter who was enrolled as a new-born citizen of the Creek Nation under the act of Congress, March 3, 1905, such granddaughter was a citizen of the Creek Nation and entitled to inherit the allotment of the deceased.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Sonora Burgess and others against the Quaker Oil & Gas Company and others to recover Indian land. Judgment for defendants, and plaintiffs bring error. Affirmed.

J. S. Severson, for plaintiffs in error.

Joseph P. Rossiter and George C. Beidleman, for defendants in error.

COCHRAN, J. Plaintiffs in error, plaintiffs below, commenced this action against defendants in error, defendants below, for recovery of certain lands, being a portion of the allotment of Thomas Randall, a citizen of the Creek Nation. Thomas Randall died intestate March 2, 1903, and left a daughter, Lizzie Monday, who was enrolled as a Seminole, and a granddaughter, Edna Monday, who was a child of Lizzie Monday and who was enrolled as a new-born citizen of the Creek Nation, having been enrolled by virtue of the act of Congress of March 3, 1905. The plaintiffs are nephews and nieces of Thomas Randall and duly enrolled Creek citizens. The defendants claim title through Lizzie Monday and Edna Monday, as well as other parties not necessary to be mentioned herein. The defendants do not contend that Lizzie Monday inherited any interest in the lands of Thomas Randall, deceased, as she was precluded from inheriting by section 6 of the Creek Supplemental Treaty, approved June 15, 1902; which is as follows:

"The provisions of the act of Congress approved March 1, 1901 (31 Stat. L. 861) in so far as they provide for descent and distribution according to the laws of the Creek Nation are hereby repealed, and the descent and distribution of land and money provided for by said act shall be in accordance with chapter 49 of Mansfield's Digest of the Statutes of Arkansas now in force in the Indian Territory; provided, that only citizens of the Creek Nation, male and female, and their Creek descendants shall inherit lands of the Creek Nation. And, provided, further, that if there be no person of Creek citizenship to take the descent and distribution of said estate, then the inheritance shall go to noncitizen heirs in the order named in said chapter 49."

But the defendants insist that Edna Monday inherited these lands. The plaintiffs contend that she did not inherit, (1) because she was not a citizen of the Creek Nation at the time of the death of Thomas Randall, he having died on March 2, 1903, and Edna Monday not being enrolled at that time but receiving her enrollment under the act of Congress approved March 3, 1905; (2) that she is not entitled to inherit as a Creek descendant of a citizen of the Creek Nation because Lizzie Monday, her mother, was enrolled as a Seminole citizen, and she was therefore a descendant of a Seminole citizen.

Viewing this case as we do, it is not necessary to consider this second contention, as we are of the opinion that Edna Monday was a citizen of the Creek Nation and entitled to inherit under the provisions of section 6 of the Creek Supplemental Treaty approved June 30, 1902. Section 1 of the Supplemental Creek Treaty defines the word "citizen" as follows:

"The word 'citizen' or 'citizens' shall be deemed to refer to a member or members of the Muskogee Tribe or Nation of Indians."

In Bruner v. Oswald, 72 Oklahoma, 178 Pac. 693, the court used the following language:

"The citizenship as contemplated for the purpose of inheritance is to be ascertained from the Creek rolls and from no other source."

The language used in that opinion, however, is not to be considered as denying citizenship to those members of the Creek Nation who were born subsequent to the act of June 30, 1902, and who later were enrolled under the terms of the act of Congress approved March 3, or those citizens who were born subsequent to March 4, 1905. The Original Creek Agreement, the act of March 1, 1901, provided as follows:

"The rolls so made, when approved by the Secretary of the Interior, shall be final, and the persons whose names are found thereon, with their descendants thereafter born to them, with such persons as may intermarry according to tribal laws, shall alone constitute the several tribes which they represent."

Thereafter the act of June 30, 1902, was passed, providing for the enrollment of children born to those citizens who were entitled to enroll under the act of March 1, 1901, subsequent to July 1, 1900, and up to and including May 5, 1901: and thereafter, on March 3, 1905, Congress provided for the enrollment of children born subsequent to May 25, 1901, and prior to March 4, 1905. Thus all citizens who were enrolled under the original treaty and their children born after that time and prior to March 4, 1905, were recognized as citizens and were enrolled, and during all of that time section 21 of the act of March 1, 1901, was in force, which provided that the descendants born to those Creeks enrolled under the original agreement should be considered members of the tribe and, although Edna Monday had not been enrolled as a Creek citizen at the time of the death of Thomas Randall, she was a Creek citizen and a member of the tribe under the provisions of the Original Creek Agreement, and, having thereafter been enrolled under the act of March 3, 1905, her citizenship was established.

We are, therefore, of the opinion that Edna Monday was entitled to inherit as a citizen of the Creek Nation, and the judgment of the trial court is therefore affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.