This is an appeal from a judgment of the district court of Okfuskee county, approving and affirming a judgment of county court of said county, denying the claims of Jimmie Davis and Peter (Davis) to participate in the estate of Magie Yarhola, deceased, a full-blood Creek Indian, roll number 4758, on the ground of their enrollment as Seminole citizens and their nonenrollment as Creek citizens.
Magie Yarhola died in 1905 without being married and without issue, and left him surviving his mother, Suwerneryeche, who was a full-blood Creek Indian, and his said mother died during the year 1906, and left her surviving as her sole and only heir, her daughter, Herlerthoye King, and her son, Caesar Harjo, and the said Herlerthoye King dying during the year 1910 left her surviving as her sole and only heirs, Losanna Lewis, nee West, and the said Caesar Harjo dying during the year 1914, left him surviving as his only heir the said Losanna Lewis, all of whom descending from the mother of Magie Yarhola, being full-blood Creek Indians enrolled as such upon the approved rolls of said tribe.
The father of said Magie Yarhola, Ochum Yarhola, who died about the year 1880, was a full-blood Creek Indian. By his marriage to Nuthoye, prior to his marriage to the mother of Magie Yarhola, he had three children, namely, Barney Yarhola, Setepache, and Tanthake; that said Setepache married one Davis Thlocco and by this marriage Jimmie Davis, one of the claimants herein, was born; that said Tanthake married one Nocus Tixico, and by this marriage one child was born, named Chicaga, and that Chicaga had born to her one Peter (Davis), a claimant herein, the said Peter (Davis) being an illegitimate child; that said Jimmie Davis and said Peter (Davis) are enrolled on the Seminole roll as full-blood Indians; that said Barney Yarhola married one Hannah Wolf and of this marriage Rebecca J. Baker, who is a claimant herein, was born; that the names of Ochum Yarhola, Neuthoye, Setepache, Tanthake, Chicaga, Peter, and Jimmie Davis do not appear on the final rolls of the Creek Nation as prepared by the Dawes Commission for the Five Civilized Tribes, and as approved by the Secretary of the Interior. Ochum Yarhola, Neuthoye, Setepache, Tanthake, Chicaga, and Barney Yarhola all died prior to the death of Magie Yarhola; that the said Barney Yarhola and Rebecca J. Baker, Suewerneryeche, Herlerthoye King, and Caesar Harjo were all duly enrolled members of the Creek tribe of Indians.
That the said Magie Yarhola left an estate of lands allotted to him as a member of the Creek tribe of Indians described as follows: The N. 1/2 of the S.E. 1/4; and the S.E. 1/4 of the S.E. 1/4 of section 34; and S.W. 1/4 of S.W. 1/4 of section 35, township 17 north, range 7 east, being in Creek county, Okla.
This proceeding was commenced in the county court of Okfuskee county on November 18, 1918, to determine the heirs in the matter of the estate of Magie Yarhola, *Page 21 
deceased, and upon the trial had December 24, 1919, the county court rendered judgment as follows:
"The court further finds that Jimmie Davis and Peter are not heirs at law of Magie Yarhola, deceased, and took no right, title nor interest in said land.
"And that upon the death of Magie Yarhola the said estate descended one half to his mother, Suwerneryeche, and the other half in equal uarts to Herlethoye King and Rebecca J. Baker, as representatives of the blood of his father, and it is so ordered."
From the judgment rendered in the county court there was an appeal to the district court, and upon the issues tried in the district court in April, 1920, the district court rendered its judgment approving and affirming the judgment of the county court, and the cause is brought here by petition in error with case-made attached for review asking for a reversal of said judgment.
Magie Yarhola was a full-blood Creek Indian enrolled as such upon the approved roll of said Indian tribe, and the question to be determined is whether or not Jimmie Davis and Peter (Davis) of the paternal line of Magie Yarhola, deceased, enrolled as full-blood Seminole Indians are entitled to inherit with the enrolled full-blood Creek Indian heirs.
The answer to this question involves the construction of chapter 49, Mansfield's Digest of Laws of Arkansas, as modified by section 6 of the Supplemental Creek Agreement (32 Stat. L. 500), which reads as follows:
"The provisions of the Act of Congress approved March 1, 1901, (31 Stat. L. 861), in so far as they provide for descent and distribution according to the laws of the Creek Nation, are hereby repealed, and the descent and distribution of land and money provided for by said act shall be in accordance with chapter 49 of Mansfield's Digest of the Statutes of Arkansas now in force in Indian Territory: Provided, That only citizens of the Creek Nation, male and female, and their Creek descendants, shall inherit lands of the Creek Nation; And provided further, That if there be no person of Creek citizenship to take the descent and distribution of said estate, then the inheritance shall go to noncitizen heirs in the order named in said chapter 49."
The plain reading of the modifying part of this section contemplates two classes of heirs, citizen heirs and noncitizen heirs, and as long as there are citizen heirs to take the inheritance the noncitizen heirs are excluded. This construction is supported by Campbell v. Wadsworth,248 U.S. 169; Bruner v. Oswald, 72 Okla. 42, 178 P. 693; Cowokochee v. Chapman et al., 90 Okla. 121, 215 P. 759; Burgess et al. v. Quaker Oil Gas Co. et al., 89 Okla. 116, 214 P. 120; Grease v. McNae et al., 102 Okla. 44, 225 P. 524.
These cases overrule the holding of this court in construing section 6 of the Supplemental Creek Agreement, modifying chapter 49 of Mansfield's Digest of the Laws of Arkansas. Lamb v. Baker, 27 Okla. 739, 117 P. 189, rendered January 10, 1911; Hughes Land Co. v. Bailey, 30 Okla. 194, 120 P. 290, rendered November 14, 1911; Cowokochee v. Chapman,67 Okla. 263, 171 P. 50, rendered February 12, 1918.
Taking this view of the controversy, we deem it unnecessary to consider the bar of illegitimacy in connection with Peter's (Davis') right to inherit.
The judgment of the district court is affirmed.
By the Court: It is so ordered.